UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CHALICE VINEYARDS, L.L.C., dba IRIS VINEYARDS, *an Oregon domestic limited liability company*; KING ESTATE WINERY LIMITED PARTNERSHIP, *an Oregon domestic limited partnership*; and PFEIFFER VINEYARDS, INC., *an Oregon domestic business corporation*,<br><br>        Plaintiffs,<br><br>      v.<br><br>UNITED STATES and LANE ELECTRIC COOPERATIVE, INC., *an Oregon registered electric utility*,<br><br>        Defendants. | Case No. 6:24-cv-01559-MTK<br><br>**OPINION AND ORDER** |

**KASUBHAI,** United States District Judge:

      Plaintiffs Chalice Vineyards, LLC, King Estate Winery Limited Partnership, and Pfeiffer Vineyards, Inc., ("Plaintiffs") filed this lawsuit against the United States and Lane Electric Cooperative, Inc. First Am. Compl. ("FAC"), ECF No. 37. Relevant to this Opinion, Plaintiffs allege tort law claims against Defendant United States ("Defendant") under the Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 1346(b), 2671 *et seq*. Defendant moves to dismiss all claims against it, arguing that Plaintiffs' claims under the FTCA are barred by the statute of limitations. For the reasons below, Defendant's Motion to Dismiss (ECF No. 40) is DENIED.

## BACKGROUND

Plaintiffs own and operate commercial wine vineyards in the Willamette Valley. FAC ¶¶ 2, 3, 6. Defendant United States, through the Bonneville Power Administration ("BPA"), operates utility lines and provides electricity in the Pacific Northwest, including in the Mckenzie River Valley in the District of Oregon. FAC ¶ 8. Plaintiffs allege Defendant's failure to deenergize its powerlines and prevent a damaged tree from falling into the powerlines caused the Holiday Farm Fire and damaged Plaintiffs' winegrapes. FAC ¶¶ 31-42. Plaintiffs bring negligence, trespass, private nuisance, and public nuisance claims against Defendant under the FTCA. FAC ¶¶ 48-86.

Defendant filed its first motion to dismiss, claiming that Plaintiffs' action was time barred. ECF No. 23. Plaintiffs argued that the Court should equitably toll the limitation period. The Court, citing Local Rule 7-1, denied the motion to dismiss because Defendant failed to attempt in good faith to confer before filing the motion ECF No. 33. Plaintiffs filed an amended complaint with leave of the Court. Defendant now brings a motion to dismiss the amended complaint, arguing again that Plaintiffs' action is not timely.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the

opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *L.A. Lakers*, 869 F.3d at 800. The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

A claim may be dismissed under Rule 12(b)(6) as barred by the statute of limitations only if "the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huyn v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

## DISCUSSION

Defendant again moves to dismiss Plaintiffs' claims as untimely. Plaintiffs argue the Court's previous Order (ECF No. 33) bars Defendant's motion because the Court has already found equitable tolling appropriate. Plaintiffs also contend the motion should be denied because

extraordinary circumstances justified their delay under the equitable tolling doctrine. The Court addresses each argument in turn.

I. **The Statute of Limitations**

The FTCA requires a plaintiff to present a federal tort claim to the appropriate federal agency "within two years after [the] claim accrues;" otherwise, it is "forever barred." 28 U.S.C. § 2401(b). A claim begins to accrue when the plaintiff knows "both the fact of injury and its immediate physical cause. . . . [I]gnorance of the involvement of the United States employees is irrelevant to determining when their claim accrues." *Hensley v. United States*, 531 F.3d 1052, 1057 (9th Cir. 2008) (quoting *Dyniewicz v. United States*, 742 F.2d 484, 487 (9th Cir. 1984).

Defendant argues that Plaintiffs knew both the injury and physical cause of their claims near the time of the Holiday Farm Fire in September 2020, making Plaintiffs' February 2024 notice untimely. Plaintiffs do not contest the date of accrual, arguing instead that extraordinary circumstances justified their delay under the doctrine of equitable tolling.

II. **Law of the Case**

Plaintiffs contend that the Court's previous Order, ECF No. 33, bars Defendant's motion under the law-of-the-case doctrine. In that Order, the Court found the Plaintiffs' first complaint plausibly alleged extraordinary circumstances under the equitable tolling doctrine. Op. & Order 9, ECF No. 33.

"The law-of-the-case doctrine generally provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Musacchio v. United States*, 577 U.S. 237, 244-45 (2016) (quoting *Pepper v. United States*, 562 U.S. 476, 506 (2011)). The doctrine's application is most clear where a higher court has already decided an issue. *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018). "The law of the case doctrine does not preclude a court from reassessing its own legal

rulings in the same case." *Id.* This is particularly true when a court considers an amended complaint:

> Once the plaintiff elects to file an amended complaint, the new complaint is the only operative complaint before the district court. . . . The amended complaint is a new complaint, entitling the plaintiff to judgment on the complaint's own merits . . . . the district court is free to follow the same reasoning . . . . [It] is not, however, bound by any law of the case.

*Id.* at 1043.[1] The law-of-the-case doctrine therefore does not bar Defendant's instant motion. The Court now "simply [considers] the amended complaint on its merits. *Id.*

### III.   The Equitable Tolling Doctrine

The two-year FTCA limitations period is nonjurisdictional and, thus, subject to equitable tolling. *United States v. Kwai Fun Wong*, 575 U.S. 402, 420 (2015). The party seeking equitable tolling generally bears the burden to establish "(1) that [they] ha[ve] been pursuing [their] rights diligently, and (2) that some extraordinary circumstance stood in [their] way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The extraordinary circumstance prong may be satisfied when the party seeking tolling "has been induced or tricked by [their] adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). This theory of equitable tolling is often referred to as fraudulent concealment. *E.g.*, *Hensley*, 531 F.3d at 1057.

Equitable tolling is "unavailable in most cases," as the threshold for its application is "very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted). But "[b]ecause the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it 'is not generally amenable to resolution on a

---

[1] *Askins* involved a defendant seeking to use the law of the case doctrine to bar an amended complaint. 899 F.3d at 1041. Although it is Plaintiffs, here, who rely on the law-of-the-case doctrine, the reasoning in *Askins* applies with equal weight because "the new complaint is the only operative complaint before the district court." *Id.* at 1043.

Rule 12(b)(6) motion.'" *Supermail Cargo, Inc.*, 68 F.3d at 1206 (citation omitted). A motion to dismiss based on untimeliness may only be granted if "the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

### A.     Diligent Pursuit

Reasonable diligence requires that the party seeking equitable tolling has made "the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011). "The purpose of requiring a [plaintiff] to show diligence is to verify that it was the extraordinary circumstance, as opposed to some act of the [plaintiff's] own doing, which caused the failure to timely file." *Id.* at 1012-13. Equitable tolling does not apply "when a late filing is due to [a] claimant's failure 'to exercise due diligence in preserving [their] legal rights.'" *Scholar v. Pac. Bell*, 963 F.2d 264, 268 (9th Cir. 1992) (quoting *Irwin*, 498 U.S. at 96).

Plaintiffs allege that they investigated the cause of their damages, and relying on information and public accounts, believed that the Holiday Farm Fire began near Highway 126 at Milepost 47. FAC ¶¶ 26, 44. Acting on that belief, Plaintiffs filed an action against Lane Electric Cooperative in Lane County Circuit Court. FAC ¶ 45. During that action, Plaintiffs discovered a separate ignition at Milepost 42. FAC ¶ 45. A month later, in February 2024, Plaintiffs served BPA with a tort claim notice. FAC ¶ 47. These allegations, construed most favorably to Plaintiffs and accepted as true, are sufficient to show that they acted with reasonable diligence; they investigated their claims and litigated them based on the information known to them. Upon discovery of an additional ignition point, Plaintiffs brought their claims against Defendant.

Defendant argues because other litigants seeking to hold BPA liable for the Holiday Farm Fire gave timely notice, Plaintiffs did not diligently pursue their claims. Defendant seems to ask

the Court to infer from the claims of other litigants that Plaintiffs should have known about BPA's potential involvement in the Holiday Farm Fire earlier. The Court declines to do so. *See United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (taking judicial notice of reports in the public record but declining to use them to "draw inferences or take notice of facts that might reasonably be disputed."). Even if the Court chose to consider whether other claims put Plaintiffs on notice, Plaintiffs still allege that they only discovered BPA's involvement by learning of the new ignition source in state court. The Court finds Plaintiffs' allegations sufficient to show diligent pursuit.

### B. Extraordinary Circumstances

A litigant seeking equitable tolling must allege that extraordinary circumstances caused their untimeliness and made a timely filing impossible. *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013), *aff'd sub. nom*, *United States v. Wong*, 575 U.S. 402 (2015). A defendant's fraudulent concealment is one such circumstance. *E.g.*, *Nat'l Lab. Rev. Bd. v. Don Burgess Constr. Corp.*, 596 F.2d 378, 382-83 (9th Cir. 1979); *UA Local 343 v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1475 (9th Cir. 1994).[2]

A plaintiff asserting fraudulent concealment must show "that the defendant used fraudulent means to keep the plaintiff unaware of [their] cause of action, and also that the plaintiff was, in fact, ignorant of the existence of [their] cause of action." *Wood v. Santa Barbara Chamber of Com., Inc.*, 705 F.2d 1515, 1521 (9th Cir. 1983). Fraudulent means include

---

[2] *Cf. Est. of Amaro v. City of Oakland*, 653 F.3d 808, 813-14 (9th Cir. 2011) (discussing *UA Local 343* and comparing equitable tolling and equitable estoppel). "[E]quitable tolling applies when the plaintiff is unaware of his cause of action, while equitable estoppel applies when a plaintiff who knows of his cause of action reasonably relies on the defendant's statements or conduct in failing to bring suit." *Id.* at 814 (quoting *Stitt v. Williams*, 919 F.2d 516, 522 (9th Cir. 1990)). Neither party here addresses equitable estoppel, and the Court must often look beyond the pleadings to decide equitable estoppel issues. *See Aronsen v. Crown Zellerbach*, 662 F.2d 584, 595 (9th Cir. 1981). The Court therefore limits its review to equitable tolling at this stage.

"concealment, misconduct, or trickery that would have lulled the [plaintiff] into letting their rights lapse." *Hensley*, 531 F.3d at 1058. But the government's mere silence concerning its possible liability does "not toll the statute of limitations in the absence of fraudulent concealment." *Id.* at 1057. A plaintiff must show that a defendant engaged in affirmative conduct that would lead a reasonable person to believe they lacked a claim for relief. *Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978). "[The] basis for equitable tolling exists even if the adversary did not intentionally mislead." *Dobyns v. United States*, 101 F.4th 839, 846 (Fed. Cir. 2024).

Plaintiffs argue that statements by BPA lulled them into letting their rights lapse. Plaintiffs point to a specific statement made by BPA on or near September 16, 2020: "we don't have any evidence that our equipment was associated with starting any fires." FAC ¶ 29. Plaintiffs also allege BPA chose not to deenergize its lines despite its awareness of extreme fire risk associated with its lines on September 7, 2020. FAC ¶ 22. Construing the complaint in the light most favorable to Plaintiffs, they allege that BPA denied its equipment's involvement in the fire despite knowing that its equipment created hazardous conditions that resulted in the Holiday Farm Fire.

Defendant urges the Court to consider the full scope of BPA's statement, pointing to the following sentence, which reads, "[i]t's still early, but we don't have any evidence."[3] Defendant

---

[3] Lusby Decl. Ex. A at 7, *Giustina Land & Timber Co. v. Eugene Water & Elect. Bd.*, No. 6:24-cv-1152 (D. Or. Feb. 19, 2025), ECF No. 35. The Court considers BPA's full statement, made in an *Oregonian* article, under incorporation by reference. *Corinthian Colls.*, 655 F.3d at 999 (holding a Court may consider documents referenced in a complaint but not physically attached to one if complaint refers to the document, the document is central to plaintiff's claim, and no party challenges the document's authenticity). Plaintiffs' complaint references the statements in the article, Plaintiff's theory of equitable tolling is premised on them, and Plaintiffs did not dispute the authenticity of the article referenced in Defendant's motion.

Page 8 — OPINION AND ORDER

argues that these statements, when read in their entirety, do not support allegations of concealment, misconduct, or trickery. Plaintiffs' complaint, however, alleges that Defendant made these statements with knowledge that its equipment created a reckless risk of igniting a wildfire. That is, Plaintiffs allege Defendant was at least consciously ignorant in public statements denying the involvement of its equipment in the Holiday Farm Fire. Plaintiffs need not allege that Defendant intentionally misled them, and they allege more than mere silence. Defendant acted affirmatively when it publicly denied its involvement, and Plaintiffs acted reasonably in believing Defendant's statements. Plaintiffs' allegations, if true, establish that BPA knew its statements to be at least misleading at the time it made them. The Court therefore finds Plaintiffs' complaint alleges extraordinary circumstances impeding Plaintiffs' timely filing.

## CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss (ECF No. 40) is DENIED.

DATED this 14th day of November 2025.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (he/him)<br>
United States District Judge